IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Tammy-Shaquita Santee, | ) | |
| | ) | |
| Plaintiff, | ) | C.V. No. 7:21-3325-HMH-KFM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| American Credit Acceptance, LLC, | ) | |
| Curtis Sidden, *in his individual and* | ) | |
| *corporate capacity*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Tammy-Shaquita Santee ("Santee"), proceeding pro se, brings this action pursuant to pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.  In his Report and Recommendation, Magistrate Judge McDonald recommends dismissing the action with prejudice without issuance and service of process.  (R&R 7-8, ECF No. 20.)

Santee did not file objections to the Report and Recommendation.  Instead, Santee filed a motion to voluntarily dismiss her action without prejudice, alleging that she needs further time to evaluate her case, add defendants, and gather facts.  (Mot. Dismiss 1, ECF No. 25.)   Any

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court construes Santee's motion as objecting to the magistrate judge's recommendation to dismiss this action with prejudice. Santee was afforded the opportunity to amend her complaint to cure the deficiencies in the original complaint. (Order, ECF No. 14.) Santee filed an amended complaint that did not cure the deficiencies, and the amended complaint fails to state a plausible claim for relief. (Am. Compl., ECF No. 16.) As the magistrate judge noted in his Report, (1) the TILA claim fails as time barred under the statute of limitations, (2) the FDCPA claim fails because the Defendant American Credit Acceptance, LLC ("ACA") is not a "debt collector" under 15 U.S.C. § 1692a(6), and (3) the FCRA claim fails because there is no private right of action against the Defendants for providing any false information to a credit bureau, and there are no allegations that Santee "contacted any credit reporting agency, or that the agency then contacted ACA regarding the plaintiff's debt" to support a private right of action under § 1681s-2(b). (R&R, generally, ECF No. 20.) After review and based on the foregoing, the court finds that dismissal with prejudice is appropriate. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that the complaint is summarily dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> Senior United States District Judge

Greenville, South Carolina
February 7, 2022

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.